BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:12-MC-00033-MCE-EFB |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| 2002 HOLIDAY RAMBLER 38PKD IMPERIAL MOTORHOME, VIN: 1RF13464722017245, MONTANA LICENSE: 4C7249, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1.     On November 28, 2011, the Drug Enforcement Administration (hereafter "DEA") adopted the 2002 Holiday Rambler 38PKD Imperial Motorhome, VIN: 1RF13464722017245, Montana License number: 4C7249 (hereafter "defendant vehicle") for federal forfeiture.  The DEA commenced administrative forfeiture proceedings, sending direct notice to all known potential claimants and publishing notice to all others. On or about February 15, 2012, the DEA received a claim from Ronald Wayne Hansen asserting an ownership interest in the defendant vehicle.

///

///

///

1

2.     The United States represents that it could show at a forfeiture trial that on November 9, 2011, a state search warrant was executed at Hansen's residence, 13349 Ridge Road, Grass Valley, California.  During the search, officers found more than one hundred pounds of marijuana in different stages of drying, packaging, and processing for sale.  The house appeared to be used only for the processing and packaging of marijuana as there was very little furniture, no kitchen set up or refrigerator with any edible food.  Officers then searched the defendant vehicle where Hansen lived, which was connected to the residence by a power cord.  Inside the defendant vehicle, officers found ten separate jars containing various amounts of marijuana, a digital scale, several firearms, ammunition, and indicia for Hansen.

3.     The United States could show at a forfeiture trial that Hansen admitted the defendant vehicle is his and is registered in the name of Hansen's limited liability company, RNS Properties LLC.

4.     The United States could further show at trial that the defendant vehicle is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(4).

5.     Without admitting the truth of the factual assertions contained above, Ronald Wayne Hansen specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Ronald Wayne Hansen agrees that an adequate factual basis exists to support forfeiture of the defendant vehicle.  Ronald Wayne Hansen acknowledges that he is the sole owner of the defendant vehicle, and that no other person or entity has any legitimate claim of interest therein.  Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant vehicle, Ronald Wayne Hansen shall hold harmless and indemnify the United States, as set forth below.

6.     This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

///

7.     This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant vehicle was seized.

8.     The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

9.     The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

10.     All right, title and interest in the $21,500.00 paid to the United States on September 28, 2012, as the substitute *res* for the defendant vehicle,  shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(4), to be disposed of according to law.

11.     Within 30 days of entry of this Consent Judgment of Forfeiture forfeiting those funds to the United States, the U.S. Marshals Service shall return the defendant vehicle to Ronald Wayne Hansen.

12.     The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure of the defendant vehicle and forfeiture of the funds paid in lieu of the defendant vehicle.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  The parties waived the provisions of California Civil Code § 1542.

13.     Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court finds that there was reasonable cause for the seizure of the defendant vehicle and a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465 shall be entered accordingly.

14.     No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence.

3

15.     All parties will bear their own costs and attorney's fees.

IT IS SO ORDERED.

Dated:  October 19, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE


## CERTIFICATE OF REASONABLE CAUSE

Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters this Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant vehicle.


Dated:  October 19, 2012

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

4